## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

CHRISTOPHER BERNARD       :
CAMPBELL,                     :
                                :
           Plaintiff,        :
                                :
         V.              :     Case No. 4:23-cv-00075-CDL-MSH
                                :
Sergeant ARTAVIOUS MOORE,    :
                                :
          Defendants.     :
_____ :

### ORDER AND RECOMMENDATION

Pending before the Court are Defendant Artavious Moore's motion for summary judgment (ECF No. 24), and Plaintiff Christopher Bernard Campbell's motion seeking to produce discovery (ECF No. 26). For the reasons explained below, the Court denies Campbell's motion and recommends that Moore's motion be granted.

### BACKGROUND

Campbell, an inmate at Muscogee County Jail ("MCJ") in Columbus, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). He alleges Moore, a Sergeant at MCJ, violated his constitutional rights by using excessive force when she opened his cell in the suicide dorm and assaulted him by kicking him in the groin in April 2023. Compl. 5, ECF No. 1. According to Campbell, another sergeant pushed Moore out of his cell, and he was then refused medical treatment. *Id.*

The Court received Campbell's complaint (ECF No. 1) on May 5, 2023. After a preliminary review, Campbell was allowed to proceed with his excessive force claim

against Moore.  Order & R., May 30, 2023, ECF No. 5.  Moore filed her motion for summary judgment (ECF No. 24) on November 30, 2023.  Despite being notified of his rights and obligations in responding to Moore's motion (ECF No. 25), Campbell did not file a response.  On December 29, 2023, the Court received Campbell's motion seeking production of closed-circuit footage (ECF No. 26).  Both motions are ripe for review.  The Court first addresses Campbell's motion in an order, followed by making a recommendation as to Moore's motion for summary judgment.

### Order

Campbell filed a motion to produce closed-circuit camera footage of the alleged incident.  Pl.'s Mot. to Produce, ECF No. 26.  Moore filed a response in opposition (ECF No. 28) arguing that Campbell's motion is untimely, but Campbell did not file a reply.  The Court agrees with Moore, and for the following reasons, it denies Campbell's motion.

When the Court directed service on Moore, it notified the parties regarding discovery in this matter.  Specifically, the Court stated that discovery would be "completed within 90 days of the date of filing of an answer or dispositive motion" by Moore, whichever came first.  Order & R. 10, May 30, 2023.  Moore filed her answer on August 7, 2023 (ECF No. 17), and as a result, discovery closed on November 6, 2023.[1]  Under the "prison mailbox rule," Campbell filed his motion seeking discovery production on December 22, 2023, the date he signed it.  Pl.'s Mot. to Produce 1.  As a result, his motion

---

[1]  Technically, discovery closed on Sunday, November 5, 2023.  However, because the last day of discovery fell on a Sunday, under the Federal Rules of Civil Procedure, discovery actually closed on Monday, November 6, 2023.  *See* Fed. R. Civ. P. 6(a)(1)(C).

seeking discovery production is untimely.  Campbell did not move to extend discovery, and he did not move under Federal Rule of Civil Procedure 56(d) for more discovery in response to Moore's motion for summary judgment.  Nor did Campbell indicate that his motion was in response to Moore's summary judgment motion.  Accordingly, Campbell's motion to produce (ECF No. 26) is **DENIED**.

**Recommendation**

Moore moves for summary judgment, arguing she is entitled to qualified immunity on Campbell's claims because (1) she acted within the scope of her discretionary authority, and (2) Campbell cannot demonstrate a constitutional violation or a violation of clearly established law.  Moore Mem. in Supp. of Mot. for Summ. J. 3-8, ECF No. 24-1.  The Court recommends Moore's motion for summary judgment be granted.

## I.     Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the movant meets this burden, the burden shifts to the party opposing summary judgment to go beyond the pleadings and present specific evidence showing there is a genuine issue of material fact, or that the movant is not entitled to judgment as a matter of law. *Id.* at 324-26. The evidence presented must consist of more than conclusory allegations. *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991). In sum, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II.    Undisputed Material Facts

Campbell did not respond to Moore's motion for summary judgment, so he did not respond to her statement of facts. The Local Rules of the United States District Court for the Middle District of Georgia provide:

> [t]he respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine dispute to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56.  Because Campbell did not respond to Moore's statement of facts, and thus did not specifically controvert any material facts set forth therein (ECF No. 24-2), the facts set forth therein are deemed admitted where appropriate.

However, in considering the merits of a motion for summary judgment, even an unopposed motion, the Court must, at least, "review all of the evidentiary materials submitted in support of the motion for summary judgment." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).  In other words, the Court cannot simply accept the facts stated in a moving party's statement of material facts as true but must also review the movant's citations to the record and confirm that there are no issues of material fact.  *Id.* at 1103 n.6.  Moreover, Rule 56 of the Federal Rules of Civil Procedure allows the Court to consider the entire record when ruling on a motion for summary judgment.  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3); *see Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515, 1519 (11th Cir. 1990) (per curiam) ("[T]he court must consider the entire record in the case, not just those pieces of evidence which have been singled out for attention by the parties.").

## III.    Statement of Facts

Campbell alleges in his unsworn and unverified complaint that, in April 2023, while he was in the suicide dorm for mental health patients, Moore unlocked his cell door and assaulted him by kicking him in the groin.  Compl. 5.  Another sergeant allegedly pushed Moore out of Campbell's cell, and he asserts that he was refused medical treatment.  *Id.*

The evidence before the Court, however, is taken from Moore's declaration made under penalty of perjury, along with the affidavit of non-party Sergeant Jason Swails, apparently the other sergeant at MCJ. Moore Decl., ECF No. 24-3; Swails Aff., ECF No. 24-4. According to Moore's declaration, at the time, she was employed at MCJ as a Sergeant. Moore Decl. 1. On or around March 15, 2023, she and Swails were distributing food and conducting security checks when a jail nurse informed her that Campbell—the inmate in cell HD-4—was attempting to flood his cell with running water. *Id.* at 2. She turned the water off at the water closet, and then she and Swails opened Campbell's cell to check the sink and toilet to make sure the water was turned off. *Id.* While Moore was in the cell, Campbell asked why the water was being turned off, and proceeded to verbally abuse and threaten Moore. *Id.*

According to Moore, as she and Swails were leaving the cell, she exchanged "words" with Campbell. *Id.* When Moore turned back and re-entered Campbell's cell, continuing to exchange words, Campbell lunged at Moore with a closed fist in an attempt to strike her. *Id.* Moore declares she used her right foot to stop Campbell's attack by using it to push Campbell back to the rear of the cell. *Id.* Swails also put his hand out to stop Campbell as Campbell attempted to lunge toward Moore a second time. *Id.* at 2-3. Campbel continued to make threats toward Moore as she and Swails walked away, and nothing further ensued from the incident. *Id.* at 3.

Swails states in his affidavit essentially the same facts, with the exception that Swails avers that Campbell's cell was closed when Campbell was yelling obscenities at Moore, at which point Moore re-opened the cell door and entered Campbell's cell. Swails

Aff. 1-2.  Swails states that Campbell attempted to attack Moore, and she used her leg to stop the assault, but she never kicked Campbell.  *Id.* at 2.

## IV. Excessive Force

Campbell alleges without evidentiary support that Moore violated his constitutional rights when she used excessive force by kicking him in the groin.  Compl. 5.  Moore argues she was acting within the scope of her discretionary authority, she was entitled to use reasonable force to protect herself when Campbell attempted to strike her, and even if she wasn't, Campbell cannot point to a materially similar case, so she is entitled to qualified immunity.  Moore Mem. in Supp. of Mot. for Summ. J. 3-8, ECF No. 24-1.

### A. Excessive Force Standard

When a pretrial detainee alleges that he was subjected to excessive force, the claim is evaluated under the Fourteenth Amendment using an objective standard.  *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).  The pretrial detainee must only show that "the force purposely or knowingly used against him was objectively unreasonable."  *Id.* at 397.  "[T]he use of excessive force that amounts to punishment" violates the Due Process Clause.  *Id.* at 397-98.

To evaluate whether the use of force is objectively unreasonable, the *Kingsley* Court enumerated a list of six non-exclusive factors.  They are

> [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

*Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1182 (11th Cir. 2020) (quoting *Kingsley*, 576

U.S. at 397). Objective "reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 576 U.S. at 397). The Court "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397. Finally, the Court "must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices'" which are "'needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979) (alteration in original)).

B. Moore's Motion

Moore argues that, based on the undisputed evidence of record presently before the Court and applying the *Kingsley* factors to it, Campbell cannot show a violation of his constitutional rights. Moore Mem. in Supp. of Mot. for Summ. J. 5-7. The Court agrees. Before turning to the Court's analysis of the *Kingsley* factors, the Court notes that none of Campbell's pleadings or filings, including his complaint, were either sworn or made under penalty of perjury.[2] *See Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. 1981) (finding

---

[2] The Court has carefully reviewed the entire record in this matter, paying particular attention to Campbell's filings. *See* ECF Nos. 1, 9, 18, 21, 22, 23, 26, 27, 31. The Court notes that Campbell belatedly filed what is styled as an "affidavit" on the docket, on March 27, 2024. Aff., ECF No. 31. Campbell, however, did not sign his "affidavit" before filing it, and the Clerk of Court issued a notice of deficiency, explaining that he must re-file a signed document in compliance with Federal Rule of Civil Procedure 11 within fourteen (14) days of the date of the notice of deficiency. Notice of Deficiency, Mar. 27, 2024. Campbell did not refile a signed copy of his "affidavit," so the Court does not consider his original, unsigned "affidavit" in deciding whether summary judgment is appropriate. The Court also notes his "affidavit" is untimely if it is in response to Moore's motion for summary judgment, it is not sworn, and Campbell did not declare the facts alleged under penalty of perjury. *See* 28 U.S.C. § 1746.

that a verified complaint may serve as an affidavit in opposition to a motion for summary judgment).  Under Rule 56, Campbell is required "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324.  And while Campbell need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment[,]" he cannot rest on "the mere pleadings themselves," as he has done here.  *Id.*

Turning to the Court's analysis of the *Kingsley* factors, and applying the factors to the undisputed evidence, the Court finds the balance of the factors favor Moore.  First, based on Moore's declaration and Swails's affidavit, the relationship between the need for the use of force and the amount of force used favors Moore.  Moore was informed that Campbell was attempting to flood his cell.  When she went to ensure the water had been shut off in his cell, Campbell attempted to strike her with his fists.  Moore used her foot to push Campbell away from her, toward the back of the cell.  Despite Campbell alleging Moore kicked him, the evidence before the Court shows that Moore used her foot defensively in an effort to protect herself.  The first factor favors Moore.

The extent of the injury to Campbell is difficult to discern.  While Campbell alleges that he was injured, he does not state how seriously he was injured.  However, the effort made by Moore and Swails to temper or to limit the amount of force favors Moore.  Swails inserted himself between Campbell and Moore when Campbell came to strike Moore a second time.

While the severity of the security issue was not overwhelming—recall that Campbell was allegedly attempting to flood his cell, and that he was an individual prisoner in a cell with two prison officers responding to his disruptive behavior, rather than, for example, participating in a large-scale prison riot—the threat reasonably perceived by Moore was real and significant: Campbell was attempting to strike her with his fists. This, of course, leads to the conclusion that Campbell was also actively resisting Moore's efforts to check whether Campbell was, in fact, flooding his cell. As a result, the remaining two *Kingsley* factors favor Moore, even if the severity of the security issue was not overwhelming.

Finally, the Court also finds the consideration of the legitimate interests that stem from the need to manage the jail in which Campbell was detained requires it—under the facts of this case—to appropriately defer to the need to preserve internal order and discipline and to maintain MCJ's security. Of the six *Kingsley* factors, four of the factors favor Moore, one of the two remaining factors has no evidentiary support to permit the Court to determine whether the factor favors Campbell or Moore, and the remaining factor—viewed in the light most favorable to Campbell—slightly favors Campbell. On balance, the factors clearly favor Moore. Further, given the Court's noted deference to MCJ's need to preserve order, discipline, and to maintain security, the Court's analysis under the *Kingsley* favors Moore. As a result, Campbell has not shown a genuine issue of material fact as to whether Moore violated his constitutional rights. Accordingly, Moore is entitled to summary judgment.

## V.    Qualified Immunity

Qualified immunity acts as a shield for government officials from liability for acts committed during their discretionary duties, "unless their conduct violates a clearly established statutory or constitutional right." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation[.]" *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009). "In order to receive qualified immunity, an official must first establish that '[she] was acting within the scope of [her] discretionary authority when the allegedly wrongful acts occurred.'" *Id.* (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)).

Once the defendant shows she was acting within her discretionary authority, the burden shifts to the plaintiff to establish that qualified immunity does not apply. *Lee*, 284 F.3d at 1194; *Courson v. McMillian*, 939 F.2d 1479, 1488-89 (11th Cir. 1991). It is undisputed in this case that Moore was acting within the scope of her discretionary duties and pursuant to the performance of those duties in her interaction with Campbell. *See Glasscox v. Argo, City of*, 903 F.3d 1207, 1213 (11th Cir. 2018); *see also Johnson v. Fee*, 838 F. App'x 394, 398 (11th Cir. 2020) (quoting *Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017)) (finding prison officers were acting within the scope of their discretionary authority considering the "general nature" of their actions). Thus, the burden shifts to Campbell to show Moore is not entitled to qualified immunity. To meet his burden, Campbell must plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the

11

challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757 (2014) (internal quotation marks and citation omitted); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009).[3]

Campbell has not shown that Moore violated his Fourteenth Amendment rights, and he has not met his burden to establish Moore is not entitled to the protection of qualified immunity. For the reasons discussed above, Moore's actions did not amount to excessive force in violation of the Fourteenth Amendment. Because she was acting within the scope of her discretionary duties and there was no constitutional violation, Moore is also entitled to qualified immunity and her motion for summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Moore's motion for summary judgment (ECF No. 24) be **GRANTED**. Pursuant to 28 U.S.C § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C § 636(b)(1) waives the

---

[3] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first. *Pearson*, 555 U.S. at 236; *McCullough*, 559 F.3d at 1205.

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 29th day of April, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE